HERMAN SCHOPFLOCHER, Appellant, v. HARRIS ZIM-
MERMAN, Doing Business as H. ZIMMERMAN,
Respondent.

**Sale — breach of contract of sale — measure of damages —
Personal Property Law, § 148, subd. 3, construed and applied.**

1. Where defendant agreed to sell and deliver to plaintiff at a stated
price, in New York city, certain goods which were to be shipped from
China during three months specified, which it was proved would have
brought the delivery, if the goods had been shipped, about three
months after the date of shipment, but the goods were never shipped
and plaintiff brings this action for his damage, the measure thereof
must be the difference between the contract price and the market or
current price at the time or times when the goods ought to have been
delivered or if no time was fixed, then at the time of the refusal to
deliver. (Pers. Prop. Law, § 148, subd. 3.)  The trial judge, there-
fore, correctly instructed the jury that the damages were to be com-
puted according to the market prices prevailing when delivery was
due.  Hence the verdict, which was for little more than a nominal
amount, should be sustained.

2. Plaintiff contends that the time when delivery ought to be made
cannot be fixed under a contract unless stated in so many words,
though the time of shipment is prescribed and though data are supplied
by which the period of transportation can be measured.  This is too
narrow a reading of the meaning of the statute.  The verdict rendered
by the jury is supported by the evidence.

*Schopflocher* v. *Zimmerman*, 210 App. Div. 852, affirmed.

(Argued June 9, 1925; decided July 15, 1925.)

APPEAL, by permission, from a judgment of the
Appellate Division of the Supreme Court in the first
judicial department, entered January 10, 1925, unani-
mously affirming a judgment in favor of plaintiff entered
upon a verdict.

*Henry C. Burnstine* and *Samuel Greenbaum* for
appellant.  The ordinary measure of damages in an
action for breach of contract to buy and sell merchandise
is the difference between contract price and market

price at the time and place of delivery. (*Saxe* v. *Penokee Lumber Co.*, 159 N. Y. 371; *Setton* v. *E. A. Flour Co.*, 258 Fed. Rep. 905; 2 Williston on Sales [2d ed.], 1490, § 599-c.) ·The contract, while fixing a time of shipment, fixed no time for delivery, hence plaintiff's damages were measurable at the time the defendant refused to deliver, *i. e.*, failed to ship the goods. (Pers. Prop. Law, § 148; *Continental Cotton Co., Inc.,* v. *Mann,* 117 Misc. Rep. 280; *Fowler* v. *Gress Mfg. Co.,* 94 Misc. Rep. 650; *Glass & Co.* v. *Misrock,* 239 N. Y. 475; *S. W. Grocery Co.* v. *Thompson,* 216 S. W. Rep. 780; *S. W. Coal Co.* v. *Gunn,* 211 Pac. Rep. 398; *Millett* v. *Van Huk & Co.,* 1921, 2 K. B. 369; *York* v. *N. Y., O. & W. R. Co.,* 108 App. Div. 126; *Taylor* v. *Mason,* 9 Wheat. 325, 344; *Den* v. *Hance,* 11 N. J. L. 233; *City of Bluefield* v. *McClaugherty,* 64 W. Va. 536; *Virginia, etc.,* v. *Harris,* 103 Va. 708; *Hill* v. *Blake,* 97 N. Y. 216; *Clark* v. *Fey,* 121 N. Y. 470; *Winter* v. *Kahn,* N. Y. L. J. May 1, 1925.)

*I. Maurice Wormser* and *Moses Altmann* for respondent. Plaintiff is entitled to recover only such damages as flow directly from defendant's breach. (*Saxe* v. *Penokee Lumber Co.,* 159 N. Y. 371; *Todd* v. *Gamble,* 148 N. Y. 382; *Windmuller* v. *Pope,* 107 N. Y. 674; *Roehm* v. *Horst,* 178 U. S. 1; 2 Williston on Sales [2d ed.], 1454, § 587; *Barnes* v. *Brown,* 130 N. Y. 372; *Aaron & Co.* v. *Sills,* 205 App. Div. 358; *Neverfail Lighter Co.* v. *Blum,* 201 App. Div. 153; *Goepel* v. *Kurlz Action Co.,* 179 App. Div. 687.) The contract at bar did fix a time for delivery within the meaning of subdivision 3 of section 148 of the Personal Property Law and the measure of damages as applied by the trial court was just and correct. (*Sloan* v. *Baird,* 162 N. Y. 327; *Bahnsen & Co.* v. *Leaf,* 203 App. Div. 618; *Crown Embroidery Works* v. *Gordon,* 190 App. Div. 372; *General Commercial Co.* v. *Butterworth,* 198 App. Div. 799; *Lehman* v. *Schapira,* 206 App. Div. 474; *Standard Casing Co.* v. *California Casing Co.,*

233 N. Y. 413; *Seaver* v. *Lindsay Light Co.*, 233 N. Y. 273; *Goldfarb* v. *Campe Corp.*, 99 Misc. Rep. 475.)

CARDOZO, J.    Defendant agreed to sell and plaintiff to buy 200 cases of straw braid, delivery F. O. B. New York, shipment to be made from China during September, October and November, 1919. November passed, and shipment was not made. The market price of the commodity in New York was high during November and December and for some time thereafter. Following the early part of February, 1920, it fell. The record does not contain the evidence, but there is a summary of its effect. By concession it warranted the jury in finding that the goods, if shipped on November 30, 1919, by the usual means of transportation contemplated by the parties, would have arrived in New York city in the latter part of February or in March, 1920. The trial judge instructed the jury that the damages were to be computed according to the market prices prevailing when delivery was due. The result was a verdict for little more than a nominal amount. The plaintiff insists that damages should have been computed according to the prices prevailing when shipment should have been made.

By Personal Property Law ([Cons. Laws, ch. 41] § 148, subd. 3): " Where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver." The plaintiff insists that the time when delivery ought to be made cannot be deemed to be fixed under a contract unless stated in so many words, though the time of shipment is prescribed and though data are supplied by which the period of transportation can be measured. We think this is too narrow a

reading of the meaning of the statute. *Id certum est quod certum reddi potest.* The plaintiff's reading if it were to prevail, would apply to shipments from England as well as to those from China. It would apply to shipments by rail as well as to those by water. In that view, a contract involving carriage from New York to San Francisco, shipment to be made on a designated day, would leave the time of delivery indefinite, no matter how certain might be the duration of the transit. Cases may, indeed, be imagined where by reason of war or for other causes the transit cannot be measured within limits reasonably determinate. Such is not the case before us. Here, by concession, the verdict rendered by the jury is supported by the evidence. The precedents are meagre. Those that are closest in analogy are in accord with our conclusion (*Melachrino* v. *Nickoll*, 1920, 1 K. B. 693).

Situations, more or less cognate, have been considered in the briefs of counsel. They are mentioned only to exclude them. The question is not here as to the application of the statute to contracts calling for shipment and delivery within a reasonable time without other specification. When such a case arises, there will be need to determine the rule of computation. So also the question is not here whether the plaintiff would have been at liberty at the end of November, 1919, to make another or forward contract, and charge the defendant with the overplus of cost (cf. Williston Sales, §§ 587, 588, 599). Nothing of the kind was done.

The plaintiff has been awarded the value that would have come to him through the performance of the contract if performance had followed according to its terms. Upon the record before us, he is entitled to no more.

The judgment should be affirmed with costs.

Hiscock, Ch. J., McLaughlin, Crane, Andrews and Lehman, JJ., concur; Pound, J., absent.

Judgment affirmed.